UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| LISA TRUONG,<br><br>Plaintiff,<br><br>v.<br><br>COLLINS AEROSPACE SYSTEM, SEYFARTH & SHAW LLP, AND ROSEMOUNT AEROSPCE INC.,<br><br>Defendants. | Civil No. 23-1346 (JRT/DLM)<br><br>**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |

Lisa Truong, 4146 134th Lane, Savage, MN 55378, *pro se* Plaintiff.

Jason M. Torres, **SEYFARTH SHAW LLP**, 233 South Wacker Drive, Suite 8000, Chicago, IL 60606; Pablo Orozco, **NILAN JOHNSON LEWIS PA**, 250 Marquette Avenue South, Suite 800, Minneapolis, MN 55401, for Defendants.

Plaintiff Lisa Truong brings this action against Collins Aerospace System, Rosemount Aerospace Inc., and Seyfarth & Shaw LLP (collectively, "Defendants"). Truong alleges that Defendants discriminated and retaliated against her in violation of Title VII of the Civil Rights Act of 1964. Specifically, Truong asserts that Collins did not promote her because of an action she filed against Collins in 2018.

Defendants filed a motion to dismiss for insufficient service of process under Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure ("FRCP"). Truong moves for default judgment. Because it finds that service of process is insufficient to satisfy the

relevant provisions of the FRCP, the Court will grant Defendants' motion to dismiss and deny Truong's motion for default judgment.

## BACKGROUND

**I.    FACTS**

Truong works for Collins in Burnsville, Minnesota. (Compl. at 3, May 12, 2023, Docket No. 1; Addendum at 1, May 12, 2023, Docket No. 1-1.) Since December 2021, Truong has attempted to get promoted to no avail. (*Id.*) She attributes Collins' reticence to a 2018 action she filed against Collins that alleged race and national origin discrimination. (*Id.*); *see* Compl. at 4, *Truong v. UTC Aerospace Sys.*, No. 18-941 (D. Minn. Apr. 5, 2018), Docket No. 1. Truong specifically asserts that one of Collins's departments had at least seven open positions, but that Collins filled those positions with less-experienced candidates. (Addendum at 1.) Truong also alleges that Collins promoted a Pakistani employee instead of Truong. (*Id.*)

When Truong complained to her manager and Human Resources about her concerns regarding her failed promotions, Truong alleges that Collins's leadership did not provide support or address the issue. (*Id.* at 2.) After Truong met with leadership, her manager started to treat her differently. (*Id.*) Truong alleges that he gave her new work instructions, began micromanaging, and gave her verbal and written warnings. (*Id.*) In addition, Collins suspended Truong for five weeks with pay without providing her a reason. (Exhibit at 2, May 12, 2023, Docket No. 1-2.)

Because of Collins's conduct, Truong asserts that she has been unable to advance her career. (Addendum at 3.) She alleges that Defendants discriminated and retaliated against her in violation of Title VII of the Civil Rights Act of 1964. (Compl. at 3.); *see* 42 U.S.C. § 2000e, *et seq.*

## II.  PROCEDURAL HISTORY

Truong filed a Complaint on May 12, 2023. (*See generally* Compl.) Shortly thereafter, she filed an executed Summons with the Court. (*See* Summons at 1, June 12, 2023, Docket No. 4.) After more than 21 days elapsed without an appearance by Defendants, Magistrate Judge Douglas L. Micko ordered Truong to notify Defendants or their counsel that they must answer or otherwise respond to the Complaint. (*See* Order to Answer at 1, June 14, 2023, Docket No. 5.) The Order warned that failure to comply may result in a recommendation of dismissal of the action for failure to prosecute. (*Id.* at 2.)

On June 23, 2023, the parties met and conferred by telephone to resolve the issue of service. (Defs.' Meet and Confer Statement, June 26, 2023, Docket No. 11.) Defendants claim that Truong admitted during the telephone conversation that she did not serve the Complaint on any of the Defendants. (Defs.' Mot. Dismiss ("Defs.' Mot.") ¶ 6, June 26, 2023, Docket No. 8.) Defendants offered to waive service and stipulate to a responsive pleading date. (*Id.*) Truong declined. (*Id.*)

On the day after the telephone conversation, Truong filed a notice in which she admitted that she did not serve the Complaint on all Defendants and that "today, I would

like to submit the complaint package." (Notice at 1, June 24, 2023, Docket No. 16.) Truong attached a receipt for express 2-day and first-class mail to locations in Charlotte, North Carolina, Chicago, Illinois, and Burnsville. (*See id.* at 2.) Truong later filed a letter with the Court in which she asserted that she "update[d] the complaint to all Defendants on June 24, 2023." (Pl.'s Letter to District Judge at 1, July 17, 2023, Docket No. 20.)

On June 26, 2023, Defendants filed a Motion to Dismiss pursuant to Local Rule 7.1 and FRCP 12(b)(4) and 12(b)(5). (*See* Defs.' Mot. at 1.) Defendants allege that Truong has neither served the Complaint on any of them nor requested a waiver of service. (Defs.' Mot. ¶ 1.) Defendants maintain that on May 31, 2023, two Summonses but no Complaints were delivered by mail to (1) a General Manager at Truong's workplace in Minnesota, and (2) an attorney for the parent company of the named corporate defendants in North Carolina. (*Id.* ¶ 2.) Neither Summons was executed or returned to Truong, and neither the General Manager nor the attorney who received the Summonses were authorized to accept service on behalf of any of the Defendants. (*Id.* ¶¶ 2, 4.) Notably, the Summonses were addressed generally to "Collins Aerospace System" and "Rosemount Aerospace Inc dba UTC Aerospace Systems." (Defs.' Index of Exs., Ex. 1 at 2, Ex. 2 at 2, June 26, 2023, Docket Nos. 10-1, 10-2.) The third defendant, Seyfarth & Shaw LLP, has no record of Truong serving a Summons or Complaint. (Defs.' Mot. ¶ 4.) Further, Defendants assert that the Summons which was executed and returned on May 22, 2023 was not signed or returned by any of the Defendants' authorized agents. (*Id.* ¶ 3.)

On August 14, 2023, Truong filed a Motion for Default Judgment, arguing that Defendants had not timely responded to the Complaint. (Pl.'s Mot. Default J. ("Pl.'s Mot.") at 1, Aug. 15, 2023, Docket No. 23.) Truong also filed copies of the two mailed Summonses as well as a copy of the third Summons, which was addressed to "Seyfarth & Shaw LLP." (Pl.'s Ex. 1 re Mot. Default J. at 8, Aug. 15, 2023, Docket No. 24.)

### DISCUSSION

### I.    DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)(4) AND RULE 12(b)(5)

Defendants move to dismiss Truong's Complaint for insufficient service of process. *See* Fed. R. Civ. P. 12(b)(4), (5). Because it finds that service was ineffective, the Court will grant the Defendants' motion.

#### A.    Standard of Review

Proper service is essential for a court to exercise jurisdiction over a party. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993). Questions concerning a court's jurisdiction must be resolved before considering any matter on the merits. *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001).

Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) allow a party to move to dismiss a complaint for insufficient service of process. The standard of review for a motion to dismiss for insufficient service is the same as that used for a 12(b)(2) motion to dismiss for lack of personal jurisdiction. *See Disability Support All. v. Billman*, No. 15-3649, 2016 WL 755620, at *2 (D. Minn. Feb. 25, 2016) (citing *Kammona v. Onteco Corp.*, 587


Fed. Appx. 575, 578 (11th Cir. 2014)).  This means that to survive a motion to dismiss for insufficient service, Truong "must plead sufficient facts to support a reasonable inference" that the Defendants were properly served.  *Creative Calling Sols., Inc. v. LF Beauty Ltd.*, 799 F.3d 975, 979 (8th Cir. 2015) (internal quotation mark omitted) (quoting *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591–92 (8th Cir. 2011)).  In other words, Truong bears the burden of proof to establish by a preponderance of the evidence that service was proper.  *Id.*  The Court will not dismiss the action for insufficient service "if the evidence, viewed in the light most favorable to [Truong], is sufficient to support a conclusion that" service was proper.  *Id.*

In the context of a motion to dismiss for insufficient service, the parties may submit affidavits and evidence "to bolster their positions on the motion."  *Id.*  If the court relies on such evidence, the "motion is in substance one for summary judgment."  *Id.*  Accordingly, because Defendants and Truong submitted exhibits to bolster their positions, the Court will treat Defendants' motion as one for summary judgment.

In addition, a court must liberally construe a pro se plaintiff's claims.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, pro se litigants are not excused from failing to comply with substantive or procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

### B.     Truong's Attempted Service

Whether Truong properly effected service on Defendants turns on whether she served all three Defendants with a copy of the Complaint and in compliance with the federal rules regarding service for corporations and partnerships.

First, Rule 4(c)(1) requires that a copy of the complaint be served with the summons.  *See* Fed. R. Civ. P. 4(c)(1).  It is the plaintiff's responsibility to ensure that the summons and complaint are served on the defendants.  *See id.*

Here, Truong admits that she did not initially serve a copy of the Complaint on all three Defendants.  And the only evidence that Truong later served the Complaint on Defendants is a receipt from June 24, 2023, for express 2-day and first-class mail to three unspecified locations in Charlotte, North Carolina, Chicago, Illinois, and Burnsville.  There is no evidence that the mail packages included a Summons and Complaint.  With such scant evidence, Truong has failed to satisfy her burden of proof that she properly served the Complaint on all three Defendants.

Second, Rule 4(h) provides the methods for effecting service of process on corporations and partnerships.  *See* Fed. R. Civ. P. 4(h).  Service upon the Defendants may be effected "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(h)(1).  Notably, mailing a summons and complaint to a

corporate defendant that is not addressed to an officer, manager, or authorized agent is insufficient. *See Larsen v. Mayo Med. Ctr.*, 218 F.3d 863, 868 (8th Cir. 2000).

Here, neither the General Manager nor the attorney who received Summonses were authorized to accept service on behalf of any of the Defendants. In addition, Seyfarth & Shaw LLP has no record of Truong serving a Summons or Complaint. Moreover, the Summonses that Truong sent to Defendants were addressed to the Defendants generally and not to an officer, manager, or authorized agent as required. *See Larsen*, 218 F.3d at 868. Truong neither argues nor presents evidence to the contrary. Thus, she has not met her burden of proving that she effected proper service on Defendants.

Lastly, Rule 4(d) permits a defendant to waive service. *See* Fed. R. Civ. P. 4(d). However, Truong declined Defendants' offer to waive service on the June 23, 2023 phone call.

Because Truong failed to meet her burden of proving that she properly served all Defendants with the Complaint and in accordance with the service rules for corporations and partnerships, the Court will grant Defendants' motion to dismiss.

## II.  PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Truong requests that default judgment be entered against Defendants because she argues that Defendants failed to timely respond to her Complaint. But because Defendants timely responded by filing a motion to dismiss, the Court will deny Truong's motion.

### A. Standard of Review

Rule 55 provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Thereafter, the Court may enter a judgment of default. *See Semler v. Klang*, 603 F. Supp. 2d 1211, 1218 (D. Minn. 2009); *see also* Fed. R. Civ. P. 55(b). "The Federal Rules of Civil Procedure commit the entry of a default judgment against a party to the sound discretion of the trial court." *FTC v. Packers Brand Meats, Inc.*, 562 F.2d 9, 10 (8th Cir. 1977) (per curiam).

### B. Analysis

Under the federal rules, a defendant must respond "within 21 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A)(i). A defendant is permitted to file a motion to dismiss in lieu of an answer. *See Semler*, 603 F. Supp. 2d at 1219; *see also* Fed. R. Civ. P. 12(b).

Here, Truong has failed to meet her burden of proof to establish that she properly served all three Defendants with the summons and complaint. Irrespective, Defendants timely responded by filing a motion to dismiss within 21 days of the Magistrate Judge's order requiring them to respond. *See, e.g.*, *Semler*, 603 F. Supp. 2d at 1219 (denying plaintiff's motion for default judgment where defendant timely filed motion to dismiss in lieu of an answer).

Therefore, because Defendants timely responded to Truong's Complaint by filing a motion to dismiss, the Court will deny Truong's motion for default judgment.

## CONCLUSION

Because service of process is insufficient and Defendants properly responded by filing a motion to dismiss, the Court will grant Defendants' motion to dismiss and deny Truong's motion for default judgment.[1]

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss [Docket No. 8] is **GRANTED**;

2. Plaintiff's Complaint is **DISMISSED without prejudice**; and

3. Plaintiff's Motion for Default Judgment [Docket No. 23] is **DENIED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: January 10, 2024
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge

---

[1] The Court is dismissing the complaint without prejudice. Dismissal without prejudice means that a plaintiff can re-file a complaint at a later date after making the necessary changes.