UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LISA TRUONG,

                                            Civil No. 23-1346 (JRT/DLM)

          Plaintiff,

v.

COLLINS AEROSPACE SYSTEM, SEYFARTH      **MEMORANDUM OPINION AND ORDER**
& SHAW LLP, and ROSEMOUNT                 **DENYING PLAINTIFF'S MOTION TO**
AEROSPACE INC.,                                    **AMEND THE COMPLAINT AND DENYING**
                                                     **COLLINS'S MOTION TO STRIKE**

          Defendants.

Lisa Truong, 4146 134th Lane, Savage, MN 55378, *pro se* Plaintiff.

Jason M. Torres, **SEYFARTH SHAW LLP**, 233 South Wacker Drive, Suite 8000, Chicago, IL 60606; Pablo Orozco, **NILAN JOHNSON LEWIS PA**, 250 Marquette Avenue South, Suite 800, Minneapolis, MN 55401, for Defendants.

Plaintiff Lisa Truong brings this action against Collins Aerospace System, Rosemount Aerospace Inc., and Seyfarth Shaw LLP (collectively, "Defendants"), alleging violations of Title VII of the Civil Rights Act of 1964. The Court previously granted the Defendants' motion to dismiss Truong's complaint without prejudice for insufficient service of process. She subsequently filed an appeal to the Eighth Circuit and, on the same day, also filed an Amended Complaint, which only asserts claims against Collins. Collins moves to strike the Amended Complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(f) for failure to comply with FRCP 15 and Local Rule 15.1. Because

Truong is a pro se plaintiff, the Court will liberally construe her Amended Complaint as a motion to amend the complaint. However, because the Court lacks jurisdiction over her motion while the appeal is pending and the proposed amendments would not cure the original complaint's deficiencies, the Court will deny Truong's motion to amend. The Court will also deny Collins's Motion to Strike as moot.

## BACKGROUND

The factual and procedural history of this action were comprehensively addressed in the Court's previous order, which the Court incorporates by reference. *See Truong v. Collins Aerospace Sys.*, No. 23-1346, 2024 WL 112279, at *1–2 (D. Minn. Jan. 10, 2024). Truong brought this Title VII action against the Defendants, alleging they discriminated and retaliated against her by failing to promote her because of an action she filed against Collins in 2018. *Id.* at *1. After the Court granted the Defendants' motion to dismiss without prejudice for insufficient service of process and denied Truong's motion for default judgment, Truong filed a notice of appeal to the Eighth Circuit. *Id.* at *2, 4; (Notice of Appeal to 8th Cir., Feb. 7, 2024, Docket No. 34.) On the same day, she also filed the Amended Complaint. (Am. Compl., Feb. 7, 2024, Docket No. 36.) The Amended Complaint asserts claims against Collins alone, alleging Collins violated Title VII by failing to promote her. (*Id.* at 2, 5–7.) Collins now moves to strike the Amended Complaint. (Def.'s Mot. to Strike at 1, Feb. 21, 2024, Docket No. 39.)

**DISCUSSION**

**I.      PLAINTIFF'S AMENDED COMPLAINT**

Under FRCP 15, a party may amend its pleading once as a matter of course within 21 days after serving it or, if the pleading requires a responsive pleading, then 21 days after service of a responsive pleading or 21 days after being served with a motion under FRCP 12(b), (e), or (f).  Fed. R. Civ. P. 15(a)(1).  Conversely, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

In this action, Truong filed the Amended Complaint over seven months after service of the Defendants' motion to dismiss her original complaint.  Because Truong did not elect to amend her complaint within the 21-day window after serving her original complaint as set forth in FRCP 15(a)(1)(A), she was required to either obtain Collins's written consent or the Court's leave before filing the Amended Complaint.  *See* Fed. R. Civ. P. 15(a)(2).  Truong did neither.  Nevertheless, the Court must liberally construe a pro se plaintiff's claims.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Accordingly, the Court will liberally construe Truong's Amended Complaint as a motion to amend her original complaint.

Before addressing its substance, the Court must determine whether it has jurisdiction to consider Truong's motion to amend given the appeal pending with the Eighth Circuit.  Generally, a notice of appeal divests the district court of jurisdiction over matters on appeal.  *Missouri ex. rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1106

(8th Cir. 1999). Here, Truong appealed the Court's order granting the Defendants' motion to dismiss and denying Truong's motion for default judgment. While that appeal is pending, the Court lacks jurisdiction to consider other aspects of the case, including Truong's motion to amend the complaint. If the Eighth Circuit were to reverse the Court's order, for example, then Truong's original complaint would go back into effect. Thus, the Court cannot consider whether to grant Truong leave to amend her complaint until after the appeal has concluded. As a result, the Court must deny Truong's motion to amend the complaint for lack of jurisdiction.

Even if the Court did have jurisdiction, however, it would still deny Truong's motion. Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). But there is "no absolute right to amend a pleading." *Hammer v. City of Osage Beach*, 318 F.3d 832, 844 (8th Cir. 2003). Leave to amend should be denied where there are "compelling reasons," including "futility of the amendment." *Id.* (internal quotation omitted).

The Court dismissed Truong's original complaint for insufficient service of process. *Truong*, 2024 WL 112279, at *4. The Amended Complaint contains more detailed allegations about Truong's claims against Collins for discrimination and retaliation. (*See* Am. Compl. at 5–7.) But it does not explain how the amended allegations would cure the insufficient service of process in the original complaint. *GWG DLP Funding V, LLC v. PHL Variable Ins. Co.*, 54 F.4th 1029, 1036–37 (8th Cir. 2022). For example, the Amended

Complaint does not explain that Truong properly served the Amended Complaint to Collins. This means that, even if the Court had jurisdiction to consider Truong's motion to amend, it would still deny the motion as futile because the proposed amendments do not cure any of the original complaint's deficiencies. *See id.*

## II.  COLLINS'S MOTION TO STRIKE

Collins moves to strike the Amended Complaint pursuant to FRCP 12(f) because it was filed after judgment was entered and the action dismissed, and it failed to comply with FRCP 15 and Local Rule 15.1. Under FRCP 12(f), district courts "may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007). While courts enjoy liberal discretion under this rule, striking a party's pleading is an "extreme measure" that is "viewed with disfavor and [] infrequently granted." *Stanbury Law Firm, P.A. v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000) (internal quotation omitted). Because the Court has liberally construed Truong's Amended Complaint as a motion to amend the complaint and will deny that motion, the Court will deny Collins's Motion to Strike as moot.

## CONCLUSION

Because Truong is a pro se litigant, the Court has construed her Amended Complaint as a motion to amend her complaint. Because it lacks jurisdiction to consider her motion while the appeal is pending with the Eighth Circuit, the Court must deny her motion to amend. But even if the Court had jurisdiction, the Court would still deny

Truong's motion to amend because the proposed amendments do not cure the insufficient service of process on which the Court dismissed the original complaint. Though she is a pro se litigant, Truong still must abide by federal and local rules, which require that she properly serve Collins. Any post-appeal proposed amendments to her complaint must explain how the insufficient service of process will be cured. Because the Court has construed the Amended Complaint as a motion to amend and will deny that motion, the Court will deny Collins's Motion to Strike as moot.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Amended Complaint, liberally construed as a Motion to Amend the Complaint [Docket No. 36] is **DENIED** for lack of jurisdiction; and

2. Defendant's Motion to Strike [Docket No. 39] is **DENIED as moot**.

DATED: May 23, 2024
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge